## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

OSCAR MARQUEZ-PEREZ,  )
  )
        Plaintiff,  )  Case No.: 2:22-cv-00796-GMN-DJA
  vs.  )
  )  **ORDER**
STATE OF NEVADA,  )
  )
        Defendant.  )
  )

Pending before the Court is Plaintiff Oscar Marquez-Perez's ("Plaintiff's") Motion to Challenge Senate Bill 182, (ECF No. 1).

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Challenge Senate Bill 182.

### I. BACKGROUND

This case arises out of Plaintiff's contention that "Senate Bill No. 182," which created the Statute Revision Commission (the "Commission") in 1951, is unconstitutional.[1] (Mot. Challenge Senate Bill No. 182 1:11–15, ECF No. 1-1). Plaintiff, who is currently incarcerated at High Desert State Prison, argues that the inclusion of three Nevada Supreme Court Justices to the Commission—Justices Merrill, Badt, and Eather—improperly delegated legislative powers to the judiciary, rendering the Commission unconstitutional. (*Id*. 2:1–3:7). According to Plaintiff, the Commission revised and compiled various statutes, including those on voting ballots. (*Id*. 4:8–15). Plaintiff thereby asserts that he was wrongfully convicted in state court because the judge who presided over his case was "never voted for" due to the Commission's

---

[1] Senate Bill No. 182 was enacted by the 45th Session of the Legislature of the State of Nevada of chapter 304, Statutes of Nevada 1951 (subsequently amended by chapter 280, Statutes of Nevada 1953 and chapter 248, Statues of Nevada 1955). *Legislative Counsel's Preface* to Nevada Revised Statutes at 1 (Nev. L. Libr. 2014-2020). Legislative Counsel's Preface to the Nevada Revised Statutes (state.nv.us).

work on voting ballets. (*Id*. 4:20–5:21).  Plaintiff contends the Commission's actions violated his constitutional rights to procedural due process, substantive due process, and the Equal Protection Clause of the Fourteenth Amendment, in addition to violating the Judicial Code of Conduct. (*Id*. 2:1–7, 7:6–11).  On May 19, 2022, Plaintiff filed the instant action, seeking to: (1) vacate his sentence; (2) remove Senate Bill No. 182 so that it can no longer affect anyone; (3) remove any work derived from Senate Bill No. 182; (4) receive payment of a "prevailing wage" for every hour he was incarcerated; (5) have federal charges brought against every authority that had notice of Senate Bill No. 182's supposed effects on voting documents in violation pursuant to 42 U.S.C. § 1985. (*Id*. 9:1–22).

## II.     LEGAL STANDARD

Federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding.  *See Heck v. Humphrey*, 512 U.S. 477, 483–84 (1994).  Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114).  *Heck* is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transactions." *Heck*, 512 U.S. at 114.

## III.    DISCUSSION

Plaintiff asserts that his sentence must be vacated, and he receive damages because three Nevada Supreme Court Justices were improperly delegated legislative powers on the Commission. (Mot. Challenge Senate Bill No. 182 2:1–3:7).  Plaintiff additionally argues that

Senate Bill No. 182 should be removed due to its unconstitutionality. (*Id*. 9:1–22).  Including the case at bar, at least 10 different actions regarding the Commission have been filed in this District.[2]  Each of these challenges was unsuccessful.  The Court will first examine whether Plaintiff alleges a valid claim for money damages under 42 U.S.C. §§ 1983 and 1985.

### A.  Sections 1983 and 1985

As stated, Plaintiff requests that his sentence be vacated, and he be awarded money damages for the State of Nevada's violation of his constitutional rights. (*Id*.).  However, Plaintiff cannot bring this claim under 42 U.S.C. § 1983 because he has not proven that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid, or called into question. (*See generally* Mot. Challenge Senate Bill No. 182); *Heck*, 512 U.S. at 486–87.  As a result, the Court dismisses Plaintiff's claim concerning his state court conviction.

Moreover, Plaintiff's § 1985 claim fails for the same reason.  "The *Heck* doctrine also applies to a plaintiff's § 1985 claims to the extent they are predicated on a theory that undermines a plaintiff's convictions." *Downing v. Wolfson*, No. 2:16-cv-02131, 2017 WL 3382562, at *6 (D. Nev. Mar. 27, 2017); *see e.g.*, *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (clarifying that the *Heck* rule applies regardless of the form of remedy sought); *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (concluding that *Heck* barred a plaintiff's § 1985 claims alleging wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him).  Accordingly, Plaintiff's claims are barred and he cannot properly seek money damages under §§ 1983 nor 1985.  The Court will now examine whether Plaintiff has sufficiently alleged that Senate Bill No. 182 be removed.

---

[2] *See Lucio v. Nevada*, No. 2:22-cv-01088, 2022 WL 3211544 (D. Nev. Aug. 9, 2022); *Brant v. Nevada*, No. 22-cv-01205, 2022 WL 4111002 (D. Nev. Sept. 7, 2022); *Anderson v. State of Nevada*, No. 2:22-cv-00734, 2022 WL 4985672 (D. Nev. Oct. 3, 2022); *Willing v. State of Nevada*, No. 2:22-cv-00795-VCM-CDS; *Willing v. State of Nevada*, No. 2:22-cv-00733, 2022 WL 3084433 (D. Nev. Aug. 3, 2022); *Jones v. State of Nevada*, No. 22-cv-00935; *Jackson v. State of Nevada*, No. 2:22-cv-00976-MMD-EJY; *Wilson v. State of Nevada*, No. 2:22-cv-00978, 2022 WL 7553743 (D. Nev. Oct. 13, 2022); *Cardenas v. State of Nevada*, No. 2:22-cv-01055, 2022 WL 3903404 (D. Nev. Aug. 29, 2022); *Downing v. Wilson*, No. 2:16-cv-02132, 2017 WL 3382562 (D. Nev. Mar. 27, 2017)..

### B. Senate Bill No. 182

Plaintiff asserts that the Commission is unconstitutional because three Nevada Supreme Court Justices were improperly delegated legislative power. (Mot. Challenge Senate Bill No. 182 2:1–3:12).

The Nevada Supreme Court recently addressed a similar issue in *State v. Taylor*, 472 P.3d 195 (Nev. 2020) (table). In *Taylor*, the appellant claimed that his counsel was ineffective because they failed to challenge the constitutionality of the Statute Revision Commission. *Id*. at 195 at 5. There, the court held that the Justices sitting on the Commission did not violate a constitutional provision because "the Legislative Counsel Bureau — which succeeded the statute revision commission — codifies and classifies" laws "in a logical order, but not itself exercising the legislative function." *Id*. The Court held that the trial court did not err in denying the appellant's claim because she failed to show how the Commission "encroached upon the powers of another branch of government, violating the separation of powers." *Id*.; *see Comm'n of Ethics v. Hardy*, 212 P.3d 1098, 1103 (2009) ("The purpose of the separation of powers doctrine is to prevent one branch from encroaching on the powers of another branch.").

Here, Plaintiff's claim repeatedly asserts that the Commission was unconstitutional due to the inclusion of the three Justices. (Mot. Challenge Senate Bill No. 182 1:13–6:6). However, Plaintiff fails to explain how the Commission "unconstitutionally encroached upon another branch of government and violated the separation of powers doctrine." *Brant v. Nevada*, No. 22-cv-01205, 2022 WL 4111002, at *3 (D. Nev. Sept. 7, 2022). "To properly state a claim, Plaintiff must illustrate . . . how Justice Merrill, Justice Badt, and Justice Eather 'violated the constitution by serving in a nonjudicial public office' and 'improperly encroached upon the powers of another branch of government, violating the separation of powers.'" *Id*. (quoting *Taylor*, 472 P.3d 195 at 5). Accordingly, the Court denies Plaintiff's Motion to Challenge Senate Bill No. 182 because it contravenes the *Heck* doctrine. In addition, the Court dismisses

Plaintiff's Complaint because it lacks an arguable basis either in law or in fact. *See Igbinovia v. McDaniel*, No. 3:10-cv-00525, 2010 WL 5288167, at *2 (D. Nev. Dec. 17, 2010) ("All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact."); *Dauksavage v. Hulka*, No. 3:15-cv-00319, 2016 WL 304313, at *2 (D. Nev. Jan. 25, 2016) (same).

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Challenge Senate Bill, (ECF No. 1), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Omnibus Motion for Temporary Restraining Order, (ECF No. 3), Motion for Default Judgment, (ECF No. 9), and Motion for Default Judgment, (ECF No. 12), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint, (ECF No. 7), is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk is instructed to close the case.

**DATED** this __25__ day of October, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT