**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OSCAR MARQUEZ-PEREZ, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:22-cv-00796-GMN-DJA |
| vs. ) | |
| ) | **ORDER** |
| STATE OF NEVADA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiff Oscar Marquez-Perez's ("Plaintiff's") Motion for Reconsideration, (ECF No. 15), and Motion for Change of Venue, (ECF No. 16).

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Reconsideration and Motion for Change of Venue.

**I.     BACKGROUND**

This case arises out of Plaintiff's contention that "Senate Bill No. 182," which created the Statute Revision Commission (the "Commission") in 1951, is unconstitutional.[1] (Mot. Challenge Senate Bill No. 182 1:11–15, ECF No. 1-1).  On October 25, 2022, the Court entered an Order dismissing Plaintiff's Amended Complaint with prejudice. (*See generally* Order, ECF No. 13).  Plaintiff subsequently filed the instant Motion for Reconsideration, (ECF No. 15), and Motion for Change of Venue, (EF No. 16).  The Court discusses these motions below.

///

///

///

---

[1] Senate Bill No. 182 was enacted by the 45th Session of the Legislature of the State of Nevada of chapter 304, Statutes of Nevada 1951 (subsequently amended by chapter 280, Statutes of Nevada 1953 and chapter 248, Statues of Nevada 1955). *Legislative Counsel's Preface* to Nevada Revised Statutes at 1 (Nev. L. Libr. 2014-2020).  Legislative Counsel's Preface to the Nevada Revised Statutes (state.nv.us).

## II.    <u>LEGAL STANDARD</u>

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60.  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4).  A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).  Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).  Rule 60(b) relief should only be granted under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017).

///

///

///

///

1

**III.   DISCUSSION**

2

   **A.  Motion for Reconsideration, (ECF No. 15)**

3

     The Court will first examine Plaintiff's Motion for Reconsideration.  Plaintiff argues that

4

reconsideration of the Court's prior Order is necessary under Fed. R. Civ. P. 59 and 60.  For the

5

reasons set forth below, neither argument is availing.

6

     **1.   Fed. R. Civ. P. 59**

7

     Beginning with Fed. R. Civ. P. 59, Plaintiff has not demonstrated any legally sufficient

8

basis to justify reconsideration.  As stated, a motion for reconsideration should not be granted

9

"absent highly unusual circumstances, unless the district court is presented with newly

10

discovered evidence, committed clear error, or if there is an intervening change in the

11

controlling law." *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

12

     Plaintiff contends this Court erred in concluding that he is challenging his underlying

13

conviction rather than the constitutionality of Senate Bill No. 182. (Mot. Reconsideration at 2–

14

5).  But a "'[p]arty seeking reconsideration must show more than a disagreement with the

15

Court's decision, and recapitulation of the cases and arguments considered by the Court before

16

rendering its original decision fails to carry the moving party's burden.'" *Gatson v. Terronez*,

17

No. 1:08-cv-01629, 2014 WL 1017621, at *1 (E.D. Cal. Mar. 17, 2014) (quoting *United States*

18

*v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  The Court considered

19

and rejected this precise argument in its previous Order. (Order 3:5–21).  Further, the Court

20

finds Plaintiff's assertion that he is not challenging his underlying conviction disingenuous

21

when his Amended Complaint explicitly requests that the Court vacate his conviction. (Am.

22

Compl. at 13, 15, ECF No. 6-1).

23

     Thus, Plaintiff's Motion for Reconsideration improperly seeks to relitigate arguments

24

that have already been rejected. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d

25

36, 52 (2d Cir. 2012) (observing that a motion for reconsideration is "not a vehicle for

relitigating old issues . . . or otherwise taking a second bite at the apple) (internal quotation marks, alterations, and citation omitted); *Brown v. Deputy*, No. 12-cv-1938, 2014 WL 4961189, at *3 (S.D. Cal. Oct. 3, 2014) (denying motion for reconsideration because the movant "d[id] not base his request for reconsideration on facts newly discovered or new law as is required, but instead attempts to re-argue or clarify points made in his original motion to compel"). Accordingly, as Plaintiff's Motion for Reconsideration otherwise fails to identify any newly discovered facts, changes in controlling, or manifest injustice in the Court's previous Order, the Court finds that reconsideration is not warranted pursuant to Fed. R. Civ. P. 59.

### 2. Fed. R. Civ. P. 60

Plaintiff additionally argues that the Court violated Fed. R. Civ. P. 60(b)(3) by determining that Plaintiff's claim was improperly brought under 42 U.S.C. § 1983. (Mot. Reconsideration at 6–7).

Pursuant to Rule 60(b)(3), a party may move for reconsideration of a final judgment on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail [on a Rule 60(b)(3) motion], the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citation omitted).

Here, Plaintiff misunderstands the purpose of Fed. R. Civ. P. 60(b)(3). The thrust of Plaintiff's argument is that this Court misrepresented his claim by construing it as a challenge to the underlying crime which led to his current incarceration. (Mot. Reconsideration at 6–7). But Rule 60(b)(3) is "aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho*, 206 F.3d at 880. The merits of a case are not before the court on a Rule 60(b) motion. *Casey v. Albertston's Inc.*, 362 F.3d 1254, 1261 (9th Cir. 2004).

1  Plaintiff has provided no evidence that the Court's prior Order was unfairly obtained.

2  Moreover, for the reasons set forth above, the Court finds that the prior Order appropriately

3  found that Plaintiff's claim was challenging his underlying conviction.

4  In sum, Plaintiff reargues issues already presented and does not provide any newly

5  discovered evidence that would justify granting reconsideration.  The Court finds neither clear

6  error nor manifest injustice in the reasoning of its previous Order, and therefore, the criteria for

7  reconsideration have not been met.

8  **B.  Motion to Change Venue, (ECF No. 16)**

9  Plaintiff argues that a change of venue is necessary pursuant to 28 U.S.C. § 1412

10  because this Court has committed "fraud" in dismissing his claim. (Mot. Change Venue at 6,

11  ECF No. 16).  Relatedly, Plaintiff also contends that all of the district court judges in the United

12  States District Court for the District of Nevada are biased and should recuse themselves

13  pursuant to 28 U.S.C. § 455. (*Id.*).

14  Beginning with Plaintiff's second argument under 28 U.S.C. § 455, a judge must be

15  disqualified "in any proceeding in which [his or her] impartiality might reasonably be

16  questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice

17  concerning a party," id. § 455(b)(1).  "The reasonable person in this context means a well-

18  informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person."

19  *Harris v. Ramirez*, No. 22-cv-01568, 2022 WL 2674207, at *2 (N.D. Cal. June 3, 2022).  As a

20  federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming

21  bias or prejudice to show that this is not the case. *Id.* (citation omitted).  Judicial rulings alone

22  may constitute grounds for appeal, but almost never constitute a valid basis for a bias or

23  impartiality motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Leslie v. Grupo ICA*,

24  198 F.3d 1152, 1160 (9th Cir. 1999) (explaining that a court's adverse rulings are not an

25  adequate basis for recusal).

The crux of Plaintiff's argument is that the Court, having dismissed Plaintiff's lawsuit, must therefore be prejudiced or biased against Plaintiff. (Mot. Change Venue at 6).  However, adverse rulings alone do no provide grounds for disqualification. *See Liteky*, 510 U.S. at 541 ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion.").  Plaintiff provides no facts by which a reasonable person would conclude that the Court's impartiality might reasonably be questioned. (*See generally* Mot. Change Venue). Further, to the extent that Plaintiff seeks to disqualify all judges within the United States District Court for the District of Nevada, he fails to offer any facts or details that would warrant disqualification.  The Court advises Plaintiff that adverse "[judicial rulings] are proper grounds for appeal, not for [disqualification]." *Litkey*, 510 U.S. at 455; *see also Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (listing "various matters not ordinarily sufficient to require § 455(a) recusal" to include "prior rulings in the proceeding, or another proceeding, solely because they were adverse").

For this same reason, Plaintiff's argument that a change of venue is necessary pursuant to 28 U.S.C. § 1412 is also unavailing.  His continued and repeated reference to the Court's prior adverse ruling neither establishes that the interest of justice nor the parties' convenience necessities a change of venue.

Therefore, for the reasons set forth above, the Court finds that the circumstances neither warrant reconsideration of the Court's prior Order nor a change of venue.  Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration and Motion to Change of Venue.

///

///

///

///

///

1

**IV.   CONCLUSION**

2

     **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 15),

3

and Motion to Change Venue, (ECF No. 16), are DENIED.

4

     **DATED** this ___8___ day of February, 2023.

5

6

_____

7

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25