UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR MARQUEZ-PEREZ, | ) |
| Plaintiff, | ) Case No.: 2:22-cv-00796-GMN-DJA |
| vs. | ) |
| | ) **ORDER** |
| STATE OF NEVADA, | ) |
| Defendant. | ) |

Pending before the Court is Plaintiff Oscar Marquez-Perez's ("Plaintiff's") unopposed Motion of Manifest Error, (ECF No. 21), which the Court construes as a Motion for Reconsideration.

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Reconsideration.

I. **BACKGROUND**

This case arises out of Plaintiff's contention that "Senate Bill No. 182," which created the Statute Revision Commission (the "Commission") in 1951, is unconstitutional.[1] (Mot. Challenge Senate Bill No. 182 1:11–15, ECF No. 1-1). The Court incorporates the background and procedural history of this case from its Order denying Plaintiff's Motion to Challenge Senate Bill and dismissing Plaintiff's First Amended Complaint. (Order 1:13–2:9, ECF No. 13). Following this Order, Plaintiff filed his First Motion for Reconsideration, (ECF No. 15), which the Court subsequently denied. (Order Denying First Mot. Reconsideration, ECF No.

---

[1] Senate Bill No. 182 was enacted by the 45th Session of the Legislature of the State of Nevada of chapter 304, Statutes of Nevada 1951 (subsequently amended by chapter 280, Statutes of Nevada 1953 and chapter 248, Statues of Nevada 1955). *Legislative Counsel's Preface* to Nevada Revised Statutes at 1 (Nev. L. Libr. 2014-2020). Legislative Counsel's Preface to the Nevada Revised Statutes (state.nv.us).

Page 1 of 3

15).  Plaintiff then filed the present Motion for Reconsideration, (ECF No. 21).  The Court discusses Plaintiff's Motion for Reconsideration below.

## II.     LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60.  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4).  A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).  Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).  Rule 60(b) relief should only be granted under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017).

///

///

### III. DISCUSSION

Here, the Court finds that reconsideration is warranted, but not for the reasons advanced by Plaintiff. Although the Court's substantive analysis in dismissing Plaintiff's First Amended Complaint was sound, procedurally, it was premature. Specifically, the Court dismissed Plaintiff's First Amended Complaint prior to Plaintiff serving Defendant State of Nevada ("Defendant") with the First Amended Complaint and waiting for Defendant to then file a motion to dismiss. Therefore, the Court's dismissal of this action was premature.

The Court instructs the Clerk of Court to re-open this case. Once the case is re-opened, the Court advises Plaintiff to serve Defendant with the First Amended Complaint. Plaintiff will have ninety (90) days to serve Defendant with a copy of the First Amended Complaint from the date this Order is docketed pursuant to Fed. R. Civ. P. 4(m).

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 21), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to re-open this case.

**DATED** this __30__ day of March, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT