# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR MARQUEZ-PEREZ, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:22-cv-00796-GMN-DJA |
| vs. ) | |
| ) | **ORDER** |
| STATE OF NEVADA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Plaintiff Oscar Marquez-Perez's ("Plaintiff") Motion to Strike, (ECF No. 30), the Magistrate Judge's Order, (ECF No. 28), denying Plaintiff's Motion for Amended Pleading of a Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 5.1 Constitutional Question, which the Court construes as an Objection to the Magistrate Judge's Order.

Also pending before the Court are Plaintiff's Motions for Default Judgment, Declaratory Judgment, and Recusal of Judges[1] (ECF Nos. 31, 32, 33).

For the reasons discussed below, the Court **DENIES** Plaintiff's Objection, Motion for Default Judgment, Motion for Declaratory Judgment, and Motion for Recusal of Magistrate Judge.

## I.    BACKGROUND

This case arises out of Plaintiff's contention that "Senate Bill No. 182," which created the Statute Revision Commission (the "Commission") in 1951, is unconstitutional.[2] (First Am.

---

[1] These Motions, along with Plaintiff's Objection, were filed as a single omnibus motion requesting four different forms of relief.  Pursuant to Local Rule IC 2-2(b), the Clerk's Office split Plaintiff's omnibus motion into four separate docket entries because the omnibus motion sought separate types of relief. *See* Local Rule IC 2-2(b) ("For each type of relief requested . . . a separate document must be filed and a separate event must be selected for that document.").

[2] Senate Bill No. 182 was enacted by the 45th Session of the Legislature of the State of Nevada of chapter 304, Statutes of Nevada 1951 (subsequently amended by chapter 280, Statutes of Nevada 1953 and chapter 248,

Compl. ("FAC") 5:11–15, ECF No. 7).  Plaintiff, who is currently incarcerated at Southern Desert Correction Center ("SDCC"), argues that the inclusion of three Nevada Supreme Court Justices to the Commission—Justices Merrill, Badt, and Eather—improperly delegated legislative powers to the judiciary, rendering the Commission unconstitutional. (*Id*. 9:1–13:29). According to Plaintiff, the Commission revised and compiled various statutes, including those on voting ballets. (*Id*. 13:20–29).  Plaintiff thereby asserts that he was wrongfully convicted in state court because the judge who presided over his case was "never voted for" due to the Commission's work on voting ballets. (*Id*.).  Plaintiff contends the Commission's actions violated his constitutional rights to procedural due process, substantive due process, and the Equal Protection Clause of the Fourteenth Amendment, in addition to violating the Judicial Code of Conduct. (*Id*. 19:1–22:29).  On May 19, 2022, Plaintiff filed the instant action, seeking to: (1) vacate his sentence; (2) remove Senate Bill No. 182 so that it can no longer affect anyone; (3) remove any work derived from Senate Bill No. 182; (4) receive payment of a "prevailing wage" for every hour he was incarcerated; (5) have federal charges brought against every authority that had notice of Senate Bill No. 182's supposed effects on voting documents in violation pursuant to 42 U.S.C. § 1985. (*Id*.).

Plaintiff subsequently filed a Motion for Amended Pleading of a Fed. R. Civ. P. 5.1 Constitutional Question, (ECF No. 26), which the Magistrate Judge construed as a Motion to Amend Plaintiff's First Amended Complaint. (Order 1:11–16, ECF No. 28).  The Magistrate Judge denied Plaintiff's Motion without prejudice because "[t]he body of Plaintiff's motion does not seek amendment of his complaint[;] [i]nstead, it appears that Plaintiff's motion is requesting the Court act on his complaint by deciding the constitutionality of Senate Bill 182." (*Id*. 2:25–27).  Plaintiff then filed the instant Objection, Motion for Default Judgment, Motion

---

Statues of Nevada 1955).  *Legislative Counsel's Preface* to Nevada Revised Statutes at 1 (Nev. L. Libr. 2014-2020).  Legislative Counsel's Preface to the Nevada Revised Statutes (state.nv.us).

for Declaratory Judgment, and Motion for Recusal of Magistrate Judge, (ECF Nos. 30–34), which the Court discusses below.

## II.    LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Kennison v. DeCarlo*, No. 2:21-cv-02210, 2022 WL 231763, at *1 (D. Nev. June 28, 2022). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## III.    DISCUSSION

### A. Objection, (ECF No. 30)

As stated, the Magistrate Judge denied Plaintiff's Motion for Amended Pleading without prejudice because it sought a merits disposition on the constitutionality of Senate Bill No. 182 rather than seeking to amend Plaintiff's First Amended Complaint. (Order 2:20–28). Plaintiff's Objection does not dispute the Magistrate Judge's characterization, again asserting that Senate Bill No. 182 is unconstitutional. (Obj. at 1–3).

The Court agrees with the Magistrate Judge that Plaintiff's Motion for Amended Pleading seeks a merits determination, rather than substantive amendment of the First Amended

Complaint. (*Compare* Mot. Am. Pleading *with* FAC).  At this early stage in the proceeding, the Court is not authorized to adjudicate a claim on the merits.[3] *See PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("But the Federal Rules of Civil Procedure do not authorize a district court to adjudicate claims on the merits at this early stage in the proceedings; the court may only review claims for legal sufficiency. Adjudication on the merits must await summary judgment or trial.").  Therefore, the Magistrate Judge's Order was neither clearly erroneous nor contrary to law.  Accordingly, Plaintiff's Objection is DENIED.

### B.  Motion for Default Judgment, (ECF No. 31)

Plaintiff further requests default judgment be entered because "no party filed a response" to Plaintiff's Motion for Amended Pleading of a Fed. R. Civ. P. 5.1. (Obj. at 1).

As the Ninth Circuit has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("*Eitel* apparently fails to understand the two-step process required by Rule 55."); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rule 55(a) and (b) provide a two-step process for obtaining a default judgment); *see also Norman v. Small*, No. 09-cv-2235, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying the plaintiff's motion for default judgment because the clerk had not yet entered a default); *Bach v. Mason*, 190 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied."), *aff'd*, 3 Fed. App'x 656 (9th Cir. 2001), *cert. denied*, 534 U.S. 1083 (2002).

*///*

---

[3] For this same reason, Plaintiff's Motion for Declaratory Judgment, (ECF No. 32), which seeks a declaration that Senate Bill No. 182 is unconstitutional, is premature at this stage in the proceeding.  Therefore, Plaintiff's Motion for Declaratory Judgment is DENIED.

Here, Plaintiff did not request or obtain a clerk's entry of default from the Clerk of Court upon showing by affidavit.  Accordingly, Plaintiff's Motion for Default Judgment is procedurally improper and therefore DENIED.[4]

### C.  Motion for Recusal of Magistrate Judge, (ECF No. 33)

Plaintiff next contends the Magistrate Judge's recusal is warranted because he is a named defendant in a separate action before the Court, *Willing v. Federal Judge (RFB) et al.*, No. 2:23-cv-00857-GMN-VCF, based on his adverse rulings in Senate Bill No. 182 cases. (*Compare* FAC *with* Compl., ECF No. 1-1, No. 2:23-cv-00857-GMN-VCF).  Plaintiff argues the Magistrate Judge cannot act in this case at the same time he is being sued for alleged constitutional violations involving the same causes of action in a separate federal action. (Mot. Recusal Magistrate Judge at 1).

Under 28 U.S.C. § 144, a party seeking recusal must file a timely and sufficient affidavit averring that the judge before the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144.  If the affidavit is legally sufficient — *i.e.*, it "state[s] the facts and reasons for such belief that bias or prejudice exists," 28 U.S.C. § 144, — the judge at whom the motion is directed must refer the motion to another judge for a determination of its merits. *United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980).  Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *Id*.

Here, Plaintiff did not submit a § 144 affidavit. (*See generally* Mot. Recusal Magistrate Judge).  As Plaintiff is proceeding *pro se*, the Court notes he may have intended to file a motion for disqualification under 28 U.S.C. § 455.  While § 144 "provides a procedure for a party to

---

[4] Separately, it is not clear that Plaintiff served Defendant. *See Rain Design, Inc. v. Spinido, Inc.*, No. 17-cv-03681-JSC, 2018 WL 7269019, at *2 (N.D. Cal. Nov. 15, 2018) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.") (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)).  The Court also DENIES Plaintiff's Motion on this basis.

recuse a judge," "§ 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

In any event, "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 992, 891 (9th Cir. 2012) (quotation omitted). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Clemens v. United States Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citation omitted). Furthermore, the "opinions formed by a judge on the basis of events occurring in the course of the proceedings likewise do not constitute a basis for a bias or partiality motion except when they display 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Brown v. Leachman*, No. 16-cv-07235, 2021 WL 827233, at *3 (N.D. Cal. Mar. 4, 2021) (quoting *Liteky v. United States*, 510 U.S. 540 (1994)).

Here, Plaintiff's reason for questioning the Magistrate Judge's impartiality is contrary to established Ninth Circuit precedent. The Ninth Circuit has long held that "'[a] judge is not disqualified by a litigant's suit or threatened suit against him . . . .'" *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007) (quoting *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986); *see United States v. Hymes*, 113 F. App'x 755, 757 (9th Cir. 2004) ("[T]he fact that Hymes had filed a lawsuit against the trial judge was not a sufficient basis for recusal."). This is especially true where the basis for Plaintiff's Motion is that the Magistrate Judge has previously issued adverse rulings on his underlying cause of action. *See United States v. Ford*, 293 F. Supp. 3d 1138, 1140 (E.D. Cal. 2018) ("To the extent that any allegation may be made that the pending lawsuit . . . creates a bias in the undersigned toward the defendant here, the court notes that a judge is not disqualified by a litigant's suit or threatened suit against him."); *see also* Guide to Judiciary Policy, Vol. 2: Ethics and Judicial Conduct, Pt. B: Ethics Advisory

Opinions, Published Advisory Opinion No 103, at 187, available at

https://www.uscourts.gov/sites/default/files/guide-vol02b-ch02-2019_final.pdf ("Automatic

disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly

where the suit is primarily based on the judge's prior judicial rulings.").  Accordingly,

Plaintiff's Motion for Recusal of Magistrate Judge is DENIED.

## IV.    DISCUSSION

      **IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 30), is **DENIED**.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No.

31), Motion for Declaratory Judgment, (ECF No. 32), and Motion for Recusal of Magistrate

Judge, (ECF No. 33), are **DENIED.**

      **DATED** this ___3___ day of October, 2023.

 

_____

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT