UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Oscar Marquez-Perez,<br><br>　　　　Plaintiff,<br><br>v.<br><br>State of Nevada, Legislative Counsel Bureau,<br><br>　　　　Defendants. | Case No. 2:22-cv-00796-GMN-DJA<br><br>**Report and Recommendation** |

　　　　Before the Court is Plaintiff's "notice to Aaron Ford." (ECF No. 36). This appears to be, in part, Plaintiff's response to the Court's order to show cause. (ECF No. 34). In that order, the Court required Plaintiff "to show cause in a written response to this order why he has not served the State of Nevada." (*Id.*). Plaintiff's notice argues that he is not required to serve the State of Nevada because he did not intend to file a lawsuit in the first place, but was required to by the Court. (ECF No. 36 at 2).[1] Instead, Plaintiff simply wanted the Court to answer the constitutional question he posed under Federal Rule of Civil Procedure 5.1 in his initiating documents that he "paid $402.00 to be answered." (*Id.*).

　　　　However, "Rule 5.1 does not create a separate cause of action or basis for relief. In other words, the notice, itself, does not initiate a cause of action." *Cardenas v. Nevada*, No. 2:22-cv-01055-GMN-VCF, 2023 WL 1098723 (D. Nev. Jan. 30, 2023) (quoting *Woods v. Florida*, No. 4:20-cv-177, 2020 WL 2497993, at \*2 (N.D. Fla. Apr. 14, 2020)); *see* Fed. R. Civ. P. 3 ("A civil

---

[1] Plaintiff takes particular issue with the fact that, when the Court ordered him to file a complaint to initiate his lawsuit, it directed him to file his complaint using the form for filing a civil rights complaint by an incarcerated individual under 42 U.S.C. § 1983. (ECF No. 36 at 2); (ECF No. 6). However, while Plaintiff now asserts that his action does not arise under 42 U.S.C. § 1983, he did not file an objection to the Court's order requiring him to file a complaint on the § 1983 form. Instead, he filed a complaint on the Court's form, naming the State of Nevada and asserting, in part, violations of his Fourteenth Amendment due process rights arising under 42 U.S.C. § 1983. (ECF No. 7).

action is commenced by filing a complaint with the court."). Instead, it is "'merely a procedural mechanism whereby the court must inform'" the attorney general (whether of the United States or a state) and provide them the "option to intervene in the event that a party to *an existing lawsuit* makes a constitutional challenge" and they are "'not a party to that suit.'" *Id.* (quoting *Davis v. United States*, No. 3:22-cv-9583, 2022 WL 4486089, at *2 (N.D. Fla. July 20, 2022) (citation omitted) (emphasis in original)).

After the Court informed Plaintiff that he must file a complaint to initiate his lawsuit, Plaintiff filed a complaint against the State of Nevada on June 29, 2022. (ECF No. 7). On March 30, 2023, the Court provided Plaintiff until June 28, 2023 to serve the State of Nevada under Federal Rule of Civil Procedure 4(m). (ECF No. 23). However, Plaintiff has still not served the State of Nevada and has not provided an adequate reason why he has not served it in his response to the Court's order to show cause. Plaintiff's disagreement with the Court's order that Plaintiff must initiate his lawsuit with a complaint is not sufficient grounds for not following the Court's order—or Rule 4(m)'s mandate—that Plaintiff serve the State of Nevada. Along with providing a time limit for service, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Because Plaintiff has not served the State of Nevada and has not provided adequate reasons for not serving the State of Nevada, the Court recommends dismissing Plaintiff's action without prejudice.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's case be **dismissed without prejudice**.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474

1  U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 4, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE