UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR MARQUEZ-PEREZ,<br><br>          Plaintiff,<br>vs.<br><br>STATE OF NEVADA,<br><br>          Defendant. | Case No.: 2:22-cv-00796-GMN-DJA<br><br>**ORDER DENYING PLAINTIFF'S OBJECTION & ADOPTING THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION** |

Pending before the Court is Plaintiff Oscar Marquez-Perez's ("Plaintiff") Objection, (ECF No. 41), to Magistrate Judge Daniel J. Albregts' Report and Recommendation, (ECF No. 40), recommending that Plaintiff's case be dismissed without prejudice for failing to serve the State of Nevada.

Also pending before the Court is Plaintiff's Motion for Omnibus Default Judgment, (ECF No. 37).

The Court **OVERRULES** Plaintiff's Objection, **ADOPTS** the Report and Recommendation, and **DENIES as moot** Plaintiff's Motion for Omnibus Default Judgment.

I.     **BACKGROUND**

This case arises out of Plaintiff's contention that "Senate Bill No. 182," which created the Statute Revision Commission (the "Commission") in 1951, is unconstitutional.[1] (First Am. Compl. ("FAC") 5:11–15, ECF No. 7).  Plaintiff, who is currently incarcerated at Southern Desert Correction Center ("SDCC"), argues that the inclusion of three Nevada Supreme Court

---

[1] Senate Bill No. 182 was enacted by the 45th Session of the Legislature of the State of Nevada of chapter 304, Statutes of Nevada 1951 (subsequently amended by chapter 280, Statutes of Nevada 1953 and chapter 248, Statues of Nevada 1955). *Legislative Counsel's Preface* to Nevada Revised Statutes at 1 (Nev. L. Libr. 2014-2020).  Legislative Counsel's Preface to the Nevada Revised Statutes (state.nv.us).

Justices to the Commission—Justices Merrill, Badt, and Eather—improperly delegated legislative powers to the judiciary, rendering the Commission unconstitutional. (*Id*. 9:1–13:29). "There have been at least ten other, similar challenges to the Commission in this District; all have failed[.]" (R&R 2:12–13, ECF No. 3 in *Perez-Marquez v. Lombardo et al.*, No. 2:23-cv-00938-CDS-BNW). This includes another action filed by Plaintiff challenging the constitutionality of Senate Bill 182 which was dismissed without prejudice. (Order Dismissing Senate 182 Bill Claim Without Prejudice, ECF No. 5 in *Perez-Marquez v. Lombardo et al.*, No. 2:23-cv-00938-CDS-BNW).

The Magistrate Judge issued an Order to Show Cause requiring Plaintiff to explain why he had not served the State of Nevada within the time required under the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and this Court. (Order Show Cause 2:1–12, ECF No. 34). Plaintiff filed a Notice to Aaron Ford, arguing that he is not required to serve the State of Nevada because this action concerns certification of a constitutional question to the Nevada Attorney General under Fed. R. Civ. P. 5.1. (Notice Aaron Ford at 2, ECF No. 36). The Magistrate Judge then issued the instant R&R, noting that contrary to Plaintiff's position, he is obligated to serve the State of Nevada because Rule 5.1 does not create a separate cause of action or basis of relief. (R&R 1:19–2:20). Accordingly, the Magistrate Judge recommended that Plaintiff's lawsuit be dismissed without prejudice because he did not otherwise provide adequate reasons why he failed to serve the State of Nevada. (*Id.*). Plaintiff then filed the instant Objection. (ECF No. 41).

II.     **LEGAL STANDARD**

"A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings

and recommendations *de novo* if objection is made, but not otherwise."). A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). And it is well established that courts must liberally construe documents filed by pro se litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## III. DISCUSSION

Plaintiff's Objection is unclear, but it appears to repeat his contention that he is not required to serve the State of Nevada under Rule 5.1 because he is challenging the constitutionality of Senate Bill 182. (Obj. at 1–3). Fed. R. Civ. P. 5.1 implements 28 U.S.C. § 2403, and requires a party "that files a pleading, written motion, or other paper drawing into question the constitutionality of a . . . state statute" to promptly file a Notice of Constitutional Question. Fed. R. Civ. P. 5.1(a). After a party has filed a Notice of Constitutional Question, the Court "must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b).

Notably, "Rule 5.1 does not create a separate cause of action or basis for relief. In other words, the notice, itself, does not initiate a cause of action." *Woods v. Florida*, No. 4:20-cv-177, 2020 WL 2497993, at *2 (N.D. Fla. Apr. 14, 2020); *see* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Instead, it is "'merely a procedural mechanism whereby the court must inform'" the attorney general (whether of the United States or a state) and provide them the "option to intervene in the event that a party to an existing

lawsuit makes a constitutional challenge" and they are "'not a party to that suit.'" *Davis v. United States*, No. 3:22-cv-9583, 2022 WL 4486089, at *2 (N.D. Fla. July 20, 2022) (citation omitted); *see also Vance v. Los Angeles Dep't of Child Support*, No. 23-cv-4392, 2023 WL 4671552, at *2 (C.D. Cal. June 7, 2023) (noting 28 U.S.C. § 2403 "does not create a cause of action"). "Rule 4 more appropriately governs service in this case because Rule 5.1(a)(2) governs service if the State is not already a party. Here, the State of Nevada is already a party." *Willing v. State of Nevada*, No. 2:22-cv-00733, 2023 WL 2823205, at *1 (D. Nev. Apr. 7, 2023).

     Plaintiff's challenge suffers from two defects. First, Plaintiff never properly served the State of Nevada as required under Rule 4(m) and this Court. Along with providing a time limit for service, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "No summons has ever been issued in this case, so [Plaintiff] cannot have properly accomplished service." (Order Dismissing Senate Bill Challenge for Failure to Serve 1:9–10, ECF No. 38 in *Willing v. State of Nevada*, No. 2:22-cv-00733-APG-DJA). Second, even if Plaintiff properly served his Rule 5.1 challenge, his challenge would be subject to dismissal for failure to state a claim because Rule 5.1 does not constitute an independent cause of action.[2] *Woods*, 2020 WL 2497993 at *2. Accordingly, because Plaintiff has not provided adequate reasons why he has not served the State of Nevada, the Court ADOPTS the recommendation of the Magistrate Judge and dismisses this action without prejudice for failure to serve.

///

---

[2] Separately, the Court again notes that all Senate Bill 182 challenges have been dismissed, including a separate challenge brought by Plaintiff. Even if Plaintiff's claims were procedurally proper, they would still fail on the merits.

## IV. DISCUSSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 41), is **OVERRULED**, and the Magistrate Judge's Report and Recommendation, (ECF No. 40), is **ADOPTED in full**. Plaintiff's First Amended Complaint, (ECF No. 7), is **DISMISSED without prejudice** and the Clerk of Court is kindly instructed to close the case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Omnibus Default Judgment, (ECF No. 37), is **DENIED as moot.**

**DATED** this __2__ day of April, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT